**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5111**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DISHEA MARSEAN DAVIS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.   W. Earl Britt,
Senior District Judge.   (2:10-cr-00033-BR-1)

_____

Submitted:  September 28, 2012        Decided:  October 31, 2012

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dishea Marsean Davis appeals from his conviction and 120-month sentence following his guilty plea, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute more than fifty grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Davis' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the plea was voluntarily entered and whether the sentence imposed violates the law or Davis' constitutional rights. Davis was advised of his right to file a pro se supplemental brief but did not do so. Upon our initial review of the appeal, we directed supplemental briefing regarding the adequacy of the district court's explanation of its sentence, and Davis filed a supplemental brief arguing that the district court failed to explain its sentence. The Government has now moved to dismiss, asserting that the appeal is precluded by the waiver of appellate rights in Davis' plea agreement. We grant the motion in part, affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his

2

right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). Whether a defendant validly waived his appeal rights is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Davis knowingly and voluntarily waived the right to appeal his sentence and that the issues he asserts are within the scope of the waiver. We therefore grant in part the Government's motion to dismiss, and dismiss the appeal of Davis' sentence.

The waiver provision, however, does not preclude our direct review of Davis' conviction pursuant to Anders. We have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Davis' conviction.

This court requires that counsel inform Davis, in writing, of his right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
